█ In the Matter of C.A. Karmel, as Trustee of the Sassower Family Trust, et al., Respondents-Appellants, v Assessor of the City of White Plains et al., Appellants-Respondents. [18 NYS3d 442]—

In a proceeding pursuant to Real Property Tax Law article 7 to review a real property tax assessment for the tax year 2007, the Assessor of the City of White Plains, the Board of Assessment Review of the City of White Plains, and the City of White Plains appeal from a judgment of the Supreme Court, Westchester County (Giacomo, J.), dated October 9, 2013, which granted the petition to the extent of awarding a reduction in the tax assessment for the year 2007, and directed that the assessment roll be corrected, and the petitioners cross-appeal from the same judgment.

Ordered that the cross appeal is dismissed as abandoned, without costs or disbursements (*see* 22 NYCRR 670.8 [e] [1]); and it is further,

Ordered that the judgment is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings and a new determination thereafter.

The petitioners commenced this proceeding pursuant to Real Property Tax Law article 7 against the Assessor of the City of White Plains, the Board of Assessment Review of the City of White Plains, and the City of White Plains (hereinafter collectively the City), to review a real property tax assessment for the

year 2007. The City did not answer the petition and relied on Real Property Tax Law § 712, which provides that when a respondent in a proceeding pursuant to Real Property Tax Law article 7 to review an assessment of real property fails to serve an answer, all the allegations of the petition are deemed denied. After the petitioners filed a note of issue and certificate of readiness, the City and the petitioners filed memoranda of law, upon the Supreme Court's request, on the issue of whether the property could be reassessed upon a change in use. Neither party moved for summary judgment. In a decision dated July 20, 2012, the court found that a change in use was not a rational basis for selective reassessment of a single parcel of real property and, in effect, directed the entry of a judgment granting the petition. A judgment dated October 9, 2013, granted the petition to the extent of awarding a reduction in the tax assessment for the year 2007, and directed that the assessment roll be corrected. The City appeals.

Proceedings commenced pursuant to RPTL article 7 are special proceedings as provided for in CPLR article 4 (*see generally Matter of Xerox Corp. v Duminuco,* 216 AD2d 950, 950 [1995]). Thus, under appropriate circumstances, the Supreme Court can summarily dispose of a proceeding to review a tax assessment upon the petition and answer, with or without a motion being brought by one of the parties (*see* RPTL 720; CPLR 409 [b]). Further, it was not improper for the court to request the submission of memoranda of law (*see* CPLR 409 [a]). However, the court erred in granting the petition without conducting an evidentiary hearing, as the pleadings raised issues of fact (*see* RPTL 720 [2]; CPLR 409 [b]).

Accordingly, the judgment must be reversed and the matter remitted to the Supreme Court, Westchester County, for further proceedings and a new determination thereafter. Hall, J.P., Sgroi, Cohen and Maltese, JJ., concur.